IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RADIO MUSIC LICENSE COMMITTEE, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.:** |
| | : | |
| **v.** | : | |
| | : | **12-CV-5807** |
| **SESAC INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this 19th day of February 2014, it is hereby **ORDERED** that the Report and Recommendation, (Doc. No. 60), of the Honorable Lynne A. Sitarski, United States Magistrate Judge, is **ADOPTED IN FULL** except for paragraph 36, which shall be amended as set forth below.[1] It is further **ORDERED** that the parties' objections, (Doc. No. 63 (RMLC Objections); Doc. No. 64 (SESAC Objections)), are **OVERRULED** except for plaintiff's objection regarding paragraph 36, which is **SUSTAINED**.[2]

---

[1]The Report and Recommendation is **ADOPTED** in **FULL** except for paragraph 36, which shall be amended as follows:

From 2009-2012, SESAC's income doubled. *Id.* at 10. From 2009-2012, SESAC's analog rates increased 8% annually (or 32% over the five years) while their website license rates have increased by 20% annually (doubling over the five years). N.T. 12/10/13 Collins Cross at 13. Over that same time period, the rates charged by ASCAP and BMI decreased by around 40%. N.T. 12/9/13 Velez at 64. Despite the fact that during that period radio stations saw their incomes drop, the number of stations that had licensing agreements with SESAC stayed the same.

[2]Both plaintiff and defendants filed objections to the Report and Recommendation (R&R). As for defendants' objections, because the report and recommendation is adopted and the preliminary injunction denied the objections are moot.

Plaintiff objects to the report and recommendation on the ground that Judge Sitarski improperly found that a Hobson's Choice is not irreparable harm. (Doc. No. 63, at 6-7.) In support, plaintiff cites several cases, some from this Circuit, one from the Ninth Circuit, and one from the

BY THE COURT:
/s/ C. Darnell Jones, II

_____
**C. DARNELL JONES,   II   J.**

_____

Eastern District of Michigan. A careful review of the cited decisions from this Circuit reveals that those courts did not find that a Hobson's Choice constitutes *per se* irreparable harm, simply that the choices, or perhaps more appropriately, the choice offered by a party in a Hobson's Choice scenario *can* constitute irreparable harm. *Beilowitz v. General Motors Corp.*, 233 F.Supp.2d 631 (D.N.J. 2002) (Hobson's Choice between loss of franchise and business shutdown constitute irreparable harm); *Everett Labs., Inc. v. Breckenridge Pharm., Inc.*, 573 F.Supp.2d 855 (Hobson's Choice between large loss of market share and loss of good will constitutes irreparable harm). For example, in *Beilowitz v. General Motors Corp.*, the court found that General Motors gave Beilowitz an ultimatum which would result in him either losing his franchise or entering a GM program which would cause a 40% drop in his revenue. 233 F.Supp.2d at 633, 644-46 (D.N.J. 2002). Judge Orlofsky found that both options would force Beilowitz out of business and that a business shutdown constituted irreparable harm. *Id.* at 644-45. Judge Sitarski recognized in her R&R that a business shutdown is a form of irreparable harm. (Doc. No. 60, at 36.) She made further findings of fact, which this court finds accurate, that there is no serious risk of a business shutdown in this case. Radio stations' licensing fees remain a small percentage of their operating expenses, and testimony offered during the hearing indicates the owners of radio stations would no more consider shutting down their operation because of higher licensing rates than any other increase in costs. (Doc. No. 60, at 16, 36.) Further testimony at the hearing indicated that other operating expenses, which already compose a larger portion of radio stations' budgets than SESAC licenses, have increased at a much faster rate in recent years than SESAC licensing costs without any resulting shutdowns. (Doc. No. 60, at 16.)

The court will now address the remaining objections to Judge Sitarski's findings. As to plaintiff's objection to Proposed Finding of Fact 27, the finding itself is accurate; radio stations can technically purchase direct licenses from artists, even those artists who are affiliates of SESAC. Plaintiff's problem is that Finding of Fact 27 does not recognize that the direct licensing option is impractical. While Judge Sitarski does not address the practicality of direct licensing in paragraph 27, it is adequately addressed later in the Report and Recommendation. (Doc. No. 60, at 15, 27, 29-31.) As such, this court will not disturb Judge Sitarski's findings.

As for Proposed Finding of Fact 36, the court recognizes that there is some ambiguity. As such, in light of the fact that defendants concede that license rates increased 20% per year, not 20% total, the Report and Recommendation is amended to reflect this change. (*See supra*, at Footnote 1.)

As for the objection to Proposed Finding of Fact 53, the court sees no reason to amend Judge Sitarski's Report and Recommendation to include quoted testimony. Finally, the objection to Judge Sitarski's Proposed Conclusion of Law Regarding Hub and Spoke Conspiracy and the objection to Proposed Conclusion of Law Regarding Standard Applicable to Section I Claim is moot as the court has denied the motion for a preliminary injunction on other grounds, here irreparable harm.