

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RADIO MUSIC LICENSE COMMITTEE, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | |
| | : | 2:12-CV-5807 |
| SESAC, Inc., et al., | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 29th day of April, 2015, it is hereby **ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 120) is **DENIED.**[1]

---

[1] Presently before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendants arguing that the case should be dismissed for lack of subject matter jurisdiction because Defendants have offered Plaintiff complete relief under Rule 68. The law in this Circuit is clear. A Rule 68 "offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)). The Court's responsibility, therefore, is to determine whether Defendants' Rule 68 offer is complete.

A cursory review of Defendants' proposed terms demonstrates that they have not provided complete relief. The offer does not provide Plaintiff with everything it asks for in the Complaint. *See Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 195 (3d Cir. 2011) (citation omitted) (defining complete relief as "encompassing all the relief a plaintiff could potentially recover at trial") *rev'd on other grounds* 133 S. Ct. 1523 (2013). Defendants have offered to "eliminate[] all direct licensing terms" from contracts with affiliates, have provided per-program licenses and all-talk format licenses, have agreed to submit any rate disputes to arbitration, have created a free repertory search function, and have extended a thirty-day grace period for "unintentional license uses." (D's BIS at 2-4.) Defendants have also agreed to pay reasonable costs and attorney's fees. (*Id.* at 4.) Many of these concessions would last through 2025. (*Id.*) The Complaint, however, requests:

A. That SESAC's unlawful conduct be declared, adjudicated, and decreed a violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2;

B. That RMLC be awarded mandatory injunctive relief in the form of: (i) requiring SESAC to submit to a judicial rate-making procedure comparable to what the consent decrees regulating ASCAP's and BMI's behavior impose; (ii) enjoining SESAC from entering into *de facto* exclusive contracts with copyright holders; and (iii) requiring SESAC to make available economically viable alternatives to blanket licenses, such as per-program licenses, blanket carve-out fees, and commercial-only licenses;

C. That RMLC be awarded expenses and costs of suit, including reasonable attorneys' fees, to the extent provided by law; and

BY THE COURT:

_____
C. DARNELL JONES, II  J.

ENTERED
APR 30 2015
CLERK OF COURT

D.  That RMLC be awarded such additional relief as the Court may deem proper.

(Compl. at 29-30.)

There are several forms of relief sought in the Complaint that Defendants have not included in its Rule 68 offer: Plaintiff's request for declaratory judgment that SESAC's conduct be deemed a violation of the Sherman Antitrust Act, a request for injunctive relief in the form of mandatory rate-court proceedings, and an injunction requiring SESAC to offer carve-outs and "commercial-only licenses." Defendants argue that their offer is the functional equivalent of the relief requested by Plaintiff, but this Court cannot impose on Plaintiff relief that it has not requested. Put simply, Plaintiff is the master of its complaint, and Defendants have not made a Rule 68 offer that meets Plaintiff's demand. Therefore, Defendants' motion is **DENIED**.

2